UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.: 25-cv-02342-SDM-NHA

ADRIAN KNIGHT,

    Plaintiff,

v.

AMERICAN LANDMARK
MANAGEMENT, LLC,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, American Landmark Management, LLC ("Defendant"), by and through its undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby answers the Complaint filed by Plaintiff, Adrian Knight ("Plaintiff"), and states as follows:

1. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Defendant admits that Plaintiff purports to bring this action under the Family and Medical Leave Act of 1993 ("FMLA"). All remaining allegations in Paragraph 1 are denied.

2. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Defendant admits that this Court has jurisdiction over Plaintiff's FMLA claims. All remaining allegations in Paragraph 2 are denied.

3. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Defendant admits that venue is proper in this Court.

4. Defendant is without knowledge as to what constitutes "all times material" for purposes of the Complaint, as well as Plaintiff's current place of residence. Defendant admits that it formerly employed Plaintiff. All remaining allegations in Paragraph 4 are denied.

5. Defendant is without knowledge as to what constitutes "all times material" for purposes of the Complaint but admits that that (a) it is a limited liability company which conducts business within Hillsborough County, Florida, and (b) it formerly employed Plaintiff. All remaining allegations in Paragraph 5 are denied including, without limitation, to the extent such allegations call for legal conclusions to which no response is required.

6. Defendant admits that it formerly employed Plaintiff. All remaining allegations in Paragraph 6 are denied.

7. Defendant admits that it granted Plaintiff a leave of absence under the FMLA. All remaining allegations in Paragraph 7 are denied.

8. Defendant admits that Plaintiff was provided with FMLA documentation for his physician to complete and that his leave of absence under the FMLA was ultimately granted by the company. All remaining allegations in Paragraph 8 are denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied for reasons including, but not limited to, the fact that Plaintiff voluntarily resigned from his employment with Defendant.

## COUNT I

Defendant re-alleges its responses to Paragraphs 1 through 16 as set forth above.

17. Defendant is without knowledge as to what constitutes "all times material" for purposes of the Complaint. It is admitted that Defendant granted Plaintiff a leave of absence under the FMLA. All remaining allegations in Paragraph 17 are denied.

18. Denied.

19. Denied.

20. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Defendant admits that Plaintiff purports to demand an award of attorneys' fees, expert fees, costs and other related expenses; however, Defendant denies that Plaintiff is entitled to any such relief.

Defendant denies that Plaintiff is entitled to any such relief stated in the WHEREFORE clause situated immediately after Paragraph 20 of the Complaint.

Further responding to Paragraphs 1 through 20 of the Complaint, all allegations not specifically admitted are denied.

## COUNT II

Defendant re-alleges its responses to Paragraphs 1 through 16 as set forth above.

21. Defendant is without knowledge as to what constitutes "all times material" for purposes of the Complaint. It is admitted that Defendant granted Plaintiff a leave of absence under the FMLA. All remaining allegations in Paragraph 21 are denied.

22. Denied.

23. Denied.

24. Denied.

25. Without acknowledging the existence of the remedies sought or Plaintiff's entitlement to relief, Defendant admits that Plaintiff purports to demand an award of attorneys' fees, expert fees, costs and other related expenses; however, Defendant denies that Plaintiff is entitled to any such relief.

Defendant denies that Plaintiff is entitled to any such relief stated in the WHEREFORE clause situated immediately after Paragraph 25 of the Complaint. Further responding to Paragraphs 1 through 25 of the Complaint, all allegations not specifically admitted are denied.

Plaintiff's demand for trial by jury is not an allegation of fact to which a

response is required. Notwithstanding, Defendant admits that Plaintiff purports to demand a jury trial but denies the existence of any triable issues herein (whether as a result of an enforceable jury trial waiver or otherwise).

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendant pleads the following Affirmative Defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that the Complaint should be dismissed, in whole or in part, for failure to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that throughout Plaintiff's employment, he was an at-will employee who could have voluntarily resigned or been terminated for any reason, at any time, with or without cause, advance notice or explanation.

### THIRD AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that Plaintiff fails to (and cannot) set forth a *prima facie* case of FMLA interference insofar as Plaintiff (a) cannot demonstrate that Defendant willfully interfered with or denied him any benefit under the FMLA; (b) was never discouraged from using, denied the ability to use, or penalized for using FMLA leave benefit and was, in fact, granted the full

leave of absence he sought under the FMLA; (c) was never prejudiced by any alleged interference; and (d) he voluntarily and prematurely concluded is FMLA leave prior to voluntarily resigning from employment.

## FOURTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that Plaintiff cannot establish a *prima facie* case of FMLA retaliation insofar as (a) Plaintiff did not suffer an adverse employment action as a result of his voluntary resignation; (b) Plaintiff cannot establish the requisite causal connection between his availment or utilization of FMLA leave and his voluntary separation from employment; and (c) Plaintiff failed to afford Defendant a reasonable opportunity to correct any perceived violation of law.

## FIFTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that Plaintiff cannot (for reasons including, but not limited to, those set forth in this Answer and Affirmative Defenses) demonstrate the requisite causation between his granted leave of absence under the FMLA and his voluntary resignation. Accordingly, Plaintiff's FMLA claims fail for lack of causation.

## SIXTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that assuming, *arguendo*, Plaintiff prevails in his FMLA claims, he would not be entitled to liquidated damages because all acts and/or omissions of Defendant were done in good faith

and Defendant had reasonable grounds for believing that any act or omission was not in violation of 29 U.S.C. § 2615. Indeed, all of Defendant's actions with regard to Plaintiff were taken without any discriminatory or retaliatory motive, intent, malice or reckless disregard of Plaintiff's rights.

### SEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that to the extent Plaintiff's claims rest upon any actions of Defendant taken in good faith reliance on the constructions, interpretations, and applications of the FMLA by the appropriate administrative agencies, regulatory agencies, and/or courts empowered to enforce such law, Plaintiff would not be entitled to liquidated damages.

### EIGHTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that Plaintiff has failed to reasonably and sufficiently mitigate his alleged damages by seeking and obtaining comparable employment and, further, that any income and interim earnings received by Plaintiff subsequent to his voluntary separation from employment reduces his back pay and/or lost benefits otherwise available.

### NINTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that it is entitled to a set-off for any wages or benefits earned by Plaintiff by virtue of any simultaneous and/or subsequent employment or benefits.

### TENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that its actions were non-pretextual.

### ELEVENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that it is entitled to a reasonable award of attorney's fees and costs incurred in defending this litigation because it is frivolous, vexatious, brought in bad faith, and the allegations in the Complaint are neither grounded in fact after a reasonable inquiry nor warranted by existing law or any good faith arguments for modification or reversal of existing law.

### TWELFTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that Plaintiff's Complaint is barred, in whole or in part, by the doctrines of waiver, estoppel, accord and satisfaction, and/or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that it complied with all obligations under the FMLA and its applicable regulations. Accordingly, all employment-related decisions with respect to Plaintiff were made for legitimate, non-discriminatory and non-retaliatory reasons.

### FOURTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that even if Plaintiff can somehow prove the existence of any claim for interference or retaliation (which he

cannot), Defendant would have reached the same decisions and taken the same actions with regard to Plaintiff's employment irrespective of any request, receipt or usage of FMLA leave.

### FIFTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that to the extent any of Plaintiff's allegations of misconduct by Defendant's employees are true (which Defendant expressly denies), Plaintiff's claims still fail as a matter of law because any such misconduct was not authorized, adopted or ratified by Defendant and it neither knew nor should have known of such conduct. Thus, any such actions cannot be attributed or imputed to Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that to the extent any of Plaintiff's allegations of misconduct by Defendant's employees are true (which Defendant expressly denies), Plaintiff's claims still fail as a matter of law because any such misconduct by employees was outside the scope of their employment and not in the course of their employment and authority, and Defendant cannot be held responsible under the theory of *respondeat superior*.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As and for an affirmative defense, Defendant asserts that Plaintiff voluntarily resigned from his position and, as such, must prove that he was constructively discharged under applicable law. Plaintiff, however, fails to satisfy the stringent

constructive discharge standard insofar as he cannot adequately demonstrate that working conditions were so intolerable that a reasonable person in his position would have been compelled to resign.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend and/or supplement its Answer and Affirmative Defenses and assert additional defenses upon the particularization of Plaintiff's claims, upon discovery and review of additional documents and information, and upon the development of other pertinent facts as discovery progresses.

WHEREFORE, Defendant, American Landmark Management, LLC, respectfully requests that this Court (i) dismiss the Complaint with prejudice, (ii) enter judgment in favor of Defendant, and (iii) grant such other and further relief as this Court deems just and proper.

Dated: October 3, 2025

Respectfully submitted,

**GREENSPOON MARDER LLP**
*Attorneys for Defendant*
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, FL  33301
Phone: (954) 491-1120
Facsimile: (954) 267-8027
Alex.Leiva@gmlaw.com
Marcela.Moreno@gmlaw.com

BY:   s/ Alejandro I. Leiva
**ALEJANDRO I. LEIVA**
Florida Bar #118309

*Adrian Knight v. American Landmark Management, LLC*
Case No.: 25-cv-02342
Page **11** of **11**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 3, 2025, a true and correct copy of the foregoing was filed with this Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or by U.S. Mail to those who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Alejandro I. Leiva*
**ALEJANDRO I. LEIVA**

## SERVICE LIST

*Attorneys for Plaintiff*

Law Offices of Levy & Levy, P.A.
2844 North University Drive
Coral Springs, FL  33065
Email: chad@levylevylaw.com
          assistant@levylevylaw.com
Tel.: 954-763-5722
Fax: 954-763-5723